D/F

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JAN 1 7 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MONIQUE CODY,

                                        Plaintiff,

                    -against-                          **ORDER**
                                                       12-CV-484 (SJF)(ETB)

DARDEN RESTAURANTS, et al.,

                                        Defendants.
--------------------------------------------------------------X

FEUERSTEIN, J.

        On January 30, 2012, pro se plaintiff Monique Cody ("plaintiff") commenced this action

against her former employer, Darden Restaurants, Darden Restaurants, Inc., and GMRI, Inc.,

d/b/a Olive Garden Jon-Jay Associates, Inc. ("defendants") alleging that defendants

discriminated against her in violation of Title VII of the Civil Rights Act, as codified, 42 U.S.C.

§§ 2000e to 2000e-17 ("Title VII"). On June 4, 2012, defendants filed a motion to stay these

proceedings and compel arbitration or, in the alternative, dismiss the action, upon the basis that

the dispute between the parties is subject to an arbitration agreement that specifies that plaintiff's

claims must be addressed through binding arbitration rather than through a civil suit. [Docket

Entry No. 16].

        Presently before the Court is the Report and Recommendation (the "Report") of

Magistrate Judge E. Thomas Boyle, dated October 11, 2012, recommending that defendant's

motion be granted. [Docket Entry No. 28]. Plaintiff filed a timely objection to the Report (the

"Objection"). [Docket Entry Nos. 30, 32]. For the following reasons, the Objection is overruled,

and the Court adopts Magistrate Judge Boyle's Report as an order of the Court.

I.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.     Plaintiff's Objection

The Court construes the Objection as asserting that Magistrate Judge Boyle erred in holding that defendants' motion to compel arbitration is not precluded by (1) a New York State Department of Labor decision regarding plaintiff's entitlement to unemployment benefits,

Objection at ¶¶ 3-8, or (2) the defendants' alleged failure to satisfy prerequisites to arbitration, Objection at ¶¶ 21-36.

Plaintiff mistakenly conflates the issues raised in the Department of Labor proceedings with the Title VII allegations in this action. Moreover, as held by Magistrate Judge Boyle, Report at 6-10, it is clearly established that unemployment benefit proceedings have no preclusive effect on a subsequent Title VII action. University of Tennessee v. Elliott, 478 U.S. 788, 796, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986) ( "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."); see also Lucas v. South Nassau Cmtys. Hosp., 54 F. Supp.2d 141, 152 (E.D.N.Y. 1998) ("[T]he plaintiff's unemployment insurance hearing and the resultant decision has no bearing on the Court's determination of this Title VII claim.").

Plaintiff is also mistaken that defendants' alleged failure to comply with prerequisites to arbitration precludes the Court from granting defendants' motion. Plaintiff does not dispute that the arbitration agreement encompasses this dispute, cf. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) ("[A] disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court."), and it is clearly established that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide," including "whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met," id. at 84-85 (internal quotation marks and emphasis omitted).

III.    Conclusion

For the foregoing reasons, Magistrate Judge Boyle's Report is adopted as an order of the Court. Defendant's motion to compel arbitration [Docket Entry No. 16] is granted and plaintiff's complaint is dismissed without prejudice.[1] The Clerk of Court is respectfully directed to close this case.


**SO ORDERED.**


                                   s/ Sandra J. Feuerstein
                                   _____  _____
                                   Sandra J. Feuerstein
                                   United States District Judge


Dated: January 11, 2013
        Central Islip, New York

---

[1]     See Borden v. Wavecrest Mgmt. Team Ltd., No. 11-CV-6737, 2012 WL 3518067, at *3 (S.D.N.Y. Aug. 13, 2012) ("[W]hen the parties' entire dispute is arbitrable and neither side has sought a stay pending arbitration, a court may dismiss the action since no useful purpose will be served by granting a stay.") (internal quotation marks omitted); Milgrim v. Backroads, Inc., 142 F. Supp.2d 471, 476 (S.D.N.Y. 2001) ("[C]ourts have the discretion to dismiss—rather than stay—an action when all of the issues in it must be arbitrated."), aff'd, 91 F. App'x 702 (2d Cir. 2002).